UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TAD TAYLOR,<br>Plaintiff,<br><br>v.<br><br>RICHARD SACKLER, CEO PURDUE, et al.,<br>Defendants. | Civil Action No.<br>22-10226-NMG |

**MEMORANDUM AND ORDER**

**GORTON, J.**

For the reasons set forth below, if plaintiff wishes to proceed with this action, the Court grants him time (1) either to pay the filing fee or file a motion for leave to proceed in forma pauperis with his prison account statement; and (2) to show cause why this action should not be dismissed as barred by lack of personal jurisdiction and improper venue.

**I.   Background**

On February 15, 2022, Tad Taylor ("Taylor" or "plaintiff"), a federal inmate in custody in the Federal Correctional Institution in Seagoville, Texas, initiated this action by filing a pro se complaint. See Docket No. 1. The case caption identifies the defendants as Purdue Pharmaceuticals, L.P.; Richard Sackler, CEO Purdue; and the Sackler Family Trust. Id. at 1 (caption). Plaintiff asserts this Court's "Diversity Jurisdiction" and complains of defendants'

"violations, deficiencies, misrepresentations, misleading promotional materials, aggressive sales and marketing tactics, and deceptive trade practices, all designed to fraudulently promote the safety, efficacy, and convenience of opioid prescribing in an effort to stimulate physician prescription conveyance thus resulting in a compromised environment within the physician's practice leading to violations of compliance, legal standing, and of course, patient safety."

Id. at 1, ¶ 1.

Plaintiff, who is serving a federal sentence for conspiracy to distribute controlled narcotics, see United States v. Taylor, No. 4:17-CR-0009-1 (E.D. Texas May 5, 2019), aff'd, No. 20-40639 (5th Cir. Aug. 12, 2021), attaches to his complaint a one-page table indicating, for purposes of the sentencing guidelines, a base offense level of 36. See Docket No. 1-2; United States v. Lee, 966 F.3d 310, 316 (5th Cir. 2020) (where a jury convicted plaintiff and his wife for conspiring to distribute controlled substances and the jury made findings about the quantity of drugs the couple distributed).

A search of the federal Judiciary's Public Access to Court Electronic Records ("PACER") service reveals that plaintiff has filed in various federal courts around the country several civil actions. See e.g. Taylor v. Abbott Pharm., No. 21-1456 (D. Conn filed Oct. 29, 2021); Taylor v. Sackler, No. 22-20711 (S.D. Fla. filed Mar. 8, 2022); Taylor v. Endo Pharm., No. 21-04276 (E.D. Pa. filed Sept. 30, 2021); Taylor v. Shire Pharm., No. 21-11576-PBS (D. Mass. filed Sept. 24, 2021); Taylor v. Shire Pharm., No.

2

22-10430-ADB (D. Mass. filed Mar. 22, 2022); Taylor v. Hoffmann-La Roche, No. 21-999 (E.D. Tex. Filed Dec. 27, 2021); Taylor v. Purdue Pharm., No. 21-01976 (N.D. Ohio filed Oct. 18, 2021); and Taylor v. Sackler Family, No. 21-3175 (N.D. Tex. Filed Dec. 20, 2021). Plaintiff filed these lawsuits against pharmaceutical defendants alleging that they, through deceptive marketing practices, among other things, harmed plaintiff's reputation as a physician, caused financial injury to plaintiff's medical clinic and ultimately led to his loss of freedom.

In at least two of those other actions, Taylor filed complaints that are almost identical to the complaint filed in the instant action. See Taylor v. Purdue Pharmaceuticals, et al., C.A. No. 21-01976-PAG (N.D. Ohio Nov. 22, 2021) (dismissed without prejudice for improper venue pursuant to 28 U.S.C. § 1406(a)); Taylor v. Sackler Family of Purdue Ownership, et al., C.A. No. 21-03175-E-BN, 2022 WL 426587 (N.D. Tex. Feb. 11, 2022) (where recommendation of the magistrate judge to dismiss without prejudice was accepted).

Although the instant complaint includes a section titled "previous legal action" in which plaintiff states that "this Plaintiff has NEVER filed a formal complaint or Civil Lawsuit against the named Defendant(s)," see Docket No. 1 at p. 5, this Court concludes that plaintiff has filed at least two federal

3

court actions against the same defendants in the Northern District of Ohio and the Northern District of Texas.

## II. Filing Fee

Plaintiff has filed a complaint but failed to pay the filing fee or seek leave to proceed in forma pauperis. A party bringing a civil action must either (1) pay the $350 filing fee and the $52 administrative fee[1], see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by

> "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."

28 U.S.C. § 1915(a)(2).[2]

---

[1] The $52 administrative fee does not apply to persons proceeding in forma pauperis. See Judicial Conference Fee Schedule.

[2] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of in forma pauperis status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

Plaintiff will be granted additional time either to pay the filing fee or file a motion for leave to proceed in forma pauperis accompanied by a certified copy of his prison account statement. Plaintiff is advised that under 28 U.S.C. § 1915(g), a prisoner litigant may be denied in forma pauperis status if he has had, on three or more prior occasions, an action or appeal dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.[3]

### III. Personal Jurisdiction and Venue

Although the Court liberally construes the complaint because the plaintiff is proceeding pro se, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), there is absolutely nothing in the complaint which suggests that this Court has personal jurisdiction over the defendants or that venue would be proper for the adjudication of this case. The parties are not located in Massachusetts and the claims primarily arise from events in Texas.

---

[3] Pursuant to §1915(g) (the "three-strikes" rule), [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Personal jurisdiction refers to a court's "power to require the parties to obey its [orders]." Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (quoting Daynard v. Ness, Motley, Lodaholt, Richardson, & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)). The due process clause of the United States Constitution "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)). Therefore, a court is precluded from asserting jurisdiction over a defendant unless "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Here, there is no suggestion in the complaint that the defendants have any meaningful contacts, ties or relations with Massachusetts "such that they would anticipate being hauled into court in Massachusetts to respond to the allegations concerning events occurring primarily in Texas.

In a diversity action, venue is proper in

> "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

28 U.S.C. § 1391(a)(2). In determining whether a given judicial district is a "district in which a substantial part of the events occurred," courts in the First Circuit look "not to a single 'triggering event' prompting the action, but to the entire sequence of events underlying the claim," an approach which "takes a holistic view of the acts underlying a claim." Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009) (quotations and citations omitted).

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought."

Although improper venue and personal jurisdiction are affirmative defenses, the Court has authority to dismiss a complaint after providing plaintiff an opportunity to show cause why the complaint should not be dismissed. See Stjernholm v. Peterson, 83 F. 3d 347, 349 (10th Cir. 1996) (At any time before defendants waive the defense of improper venue, "a district court may raise on its own motion an issue of defective venue. . . but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.") (quoting Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1998)). Therefore, plaintiff will be

7

granted time to show cause why his complaint should not be dismissed for improper venue and lack of personal jurisdiction.

IV. Order

Accordingly, it is hereby Ordered that:

1. If plaintiff elects to proceed with this action, within forty-two (42) days of this Memorandum and Order, he shall (1) either pay the filing fee or file a motion for leave to proceed in forma pauperis accompanied by his certified prison account statement; and (2) show cause, in writing, why his complaint should not be dismissed on grounds that venue is improper and this Court lacks personal jurisdiction over the defendants. The Clerk shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs.

2. Failure to comply with these directives within forty-two (42) days of the date of this Memorandum and Order will result in dismissal of this action.

So ordered.

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: May 18, 2022