UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TAD TAYLOR,<br>Plaintiff,<br><br>v.<br><br>RICHARD SACKLER, CEO PURDUE, et al.,<br>Defendants. | Civil Action No.<br>22-10226-NMG |

ORDER

GORTON, J.

Tad Taylor ("Taylor"), a federal inmate in custody in the Federal Correctional Institution in Seagoville, Texas, initiated this diversity action by filing a pro se complaint without payment of the filing fee. See Docket No. 1.

By Memorandum and Order dated May 18, 2022, the Court advised Taylor that his case was subject to dismissal because there were no facts alleged in the complaint that would suggest that this Court has personal jurisdiction over the defendants or that venue would be proper for the adjudication of this case. Although doubtful that Taylor could remedy the jurisdictional deficiencies of the action, he was nonetheless granted additional time (1) either to pay the filing fee or file a motion for leave to proceed in forma pauperis with his prison account statement; and (2) to show cause why this action should not be dismissed as barred by lack of personal jurisdiction and

improper venue. Docket No. 3. The Memorandum and Order advised him that if he failed to do so within 42 days, the Court would dismiss this action. Id.

On May 31, 2022, Taylor filed a one-page motion seeking to have this case transferred to the United States District Court for the Western District of Texas. See Docket No. 4. Taylor seeks "immediate transfer of the case to a more appropriate venue and jurisdiction where [Taylor resides and where the alleged damages were sustained]." Id. As to the filing fee, Taylor states that a payment "has been issued and mailed to the District of Massachusetts from the prison's Trust Fund account." Id.

Where venue in the filing district is found to be improper, the court "shall dismiss, or if it be in the interest of justice, transfer such a case" to a district in which venue properly lies. 28 U.S.C. § 1406(a). The decision to transfer or dismiss an action under section 1406(a) is a matter within the discretion of this court. See Torres v. Hospital San Cristobal, 831 F.Supp.2d 540, 543 (D.P.R. 2011).

Here, the Court will not transfer the action because an almost identical complaint was dismissed upon finding that Taylor lacks standing, or in the alterative, that his claims are barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). See Taylor v. Sackler Family of Purdue

Ownership, et al., C.A. No. 21-03175-E-BN, 2022 WL 426587 (N.D. Tex. Feb. 11, 2022).

Accordingly, it is hereby Ordered that Taylor's Motion (Docket No. 4) for transfer is DENIED and this action is dismissed without prejudice for improper venue and lack of personal jurisdiction.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated: June 3, 2022